# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

BARBARA A. PORTIS,
      Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
      Agency.

DOCKET NUMBER
CB-7121-12-0031-C-1

DATE: October 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Kravetz</u>, New York, New York, for the appellant.

<u>Peter Jewett</u>, Esquire, and <u>Sergei Aden</u>, New York, New York, for the
   agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed her petition for enforcement as untimely filed. Generally, we grant
petitions such as this one only when: the initial decision contains erroneous
findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from a Teleservice position. *Portis v. Social Security Administration*, MSPB Docket No. CB-7121-12-0031-V-1, Request for Review (RFR) File, Tab 3. The appellant's union grieved the removal action to arbitration. RFR File, Tab 1. The arbitrator mitigated the penalty to an open-ended, time-served suspension. RFR File, Tab 3. The appellant requested review of the arbitrator's decision. RFR File, Tab 1. On February 4, 2014, the Board issued a Final Order that deferred to the arbitrator's decision except regarding the arbitrator's decision to continue the suspension until the agency reinstated the appellant. *Portis v. Social Security Administration*, MSPB Docket No. CB-7121-12-0031-V-1, Final Order (Feb. 4, 2014) (Final Order). The Board found that this open-ended suspension was arbitrary, and substituted in its place a suspension from April 15, 2010, through August 20, 2012. *Id*. To the extent that the agency returned the appellant to work after August 20, 2012, the Board ordered the agency to pay her back pay, interest on back pay, and other benefits under the regulations of the Office of Personnel Management (OPM). *Id*. The agency informed the appellant that it had fully

complied with the Board's Order on March 28, 2014. Compliance File (CF), Tab 5 at 37.

¶3    Nearly a year later, on March 19, 2015, the appellant filed a petition for enforcement arguing that the agency had improperly computed back pay. CF File, Tab 1.[2] The administrative judge issued a timeliness order, and based on the parties' submissions, she dismissed the petition as untimely filed. CF File, Tab 11, Compliance Initial Decision (CID). She noted that the agency had informed the appellant on March 28, 2014, that it had fully complied with the Board's Order. CID at 2. She found that the appellant filed a petition for enforcement far more than 30 days after the agency's notification of compliance, without a showing of good cause for the delay. CID at 3-4.[3]

¶4    In her petition for review, the appellant argues, as she did below, that as the agency was taking action to comply with the Board's Order, it failed to inform her of 5 C.F.R. § 550.805(e)(1), the regulation that provides that, in assessing a back pay award, earnings from additional or "moonlight" employment that the employee may have engaged in while Federally employed before separation and while erroneously separated is not counted to reduce the back pay award. The appellant contends that without knowing about this regulation she could not know of a basis to assert that the agency improperly computed her back pay, and that not knowing about the regulation delayed her filing of the petition for enforcement. Petition for Review File, Tab 1.

---

[2] The Board's Order informed the appellant that she may file a petition for enforcement with the Clerk of the Board. Final Order at 7. The Clerk forwarded the appellant's petition to the Board's New York Field Office for adjudication. CF, Tab 1. *See Shapley v. Department of Homeland Security*, 111 M.S.P.R. 320, 321 n.2 (2009) (explaining that a petition for enforcement filed with the Clerk of the Board generally is forwarded to the appropriate regional or field office).

[3] A number of times in the compliance initial decision the administrative judge refers to the appellant's petition for review. CID at 2-3. We find that the administrative judge's reference to the appellant filing a petition for review was actually a reference to her filing a petition for enforcement.

¶5     If an the appellant prevails in a Board appeal, a petition for enforcement of the Board's final decision must be filed no later than 30 calendar days after the agency informs the appellant that it has fully complied.  5 C.F.R. § 1201.182(a). As the administrative judge found, the appellant's petition for enforcement was filed almost a year after the agency informed her that it had complied with the Board's Order.  Thus, the petition for enforcement was untimely.  To establish good cause for the untimely filing of a petition for enforcement, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  The appellant bears the burden to prove good cause for the delay by preponderant evidence.  *See* 5 C.F.R. § 1201.56(b)(2).

¶6     The Board's decision in this case informed the appellant that her back pay would be calculated under OPM's regulations.  Final Order at 7.  OPM's back pay regulations appear at 5 C.F.R. part 550, subpart H.  Subpart H includes section 550.805(e)(1), which addresses computation of deductions from a back pay award, and how "moonlight" employment earnings figure into the back pay calculation.  *See* 5 C.F.R. § 550.805(e)(1).  Therefore, we find that the appellant was on notice of the existence of this provision on the date that she received the Board decision, and certainly by March 28, 2014, the date that the agency informed her that it had fully complied.  The Board's decision also notified the appellant of the time limit to file a petition for enforcement.  Final Order at 7.

¶7        Given the notice to the appellant in the Board's decision of the applicability of OPM's back pay regulations to the back pay calculations in her case, her delay in filing was exceptionally long, nearly a year from the date that she received the agency statement informing her that it had fully complied with the Board's Order, and nearly 11 months past the time limit to file a timely petition for enforcement. The appellant was represented throughout the Board proceedings, including when she filed the petition for enforcement. To the extent that she excuses her long delay in filing on her representative's not being aware of section 550.805(e)(1), her excuse is unavailing. It is well settled that an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). The appellant has not alleged that circumstances beyond her control, including unavoidable casualty or misfortune, affected her ability to comply with the time limits. Thus, we find that the appellant failed to show that she exercised due diligence or ordinary prudence under the particular circumstances of this case. *See Alonzo*, 4 M.S.P.R. 180, 184. Accordingly, we conclude that the administrative judge properly dismissed the petition for enforcement as untimely filed.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

        You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

        The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.